IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES P. RICHARD | : | Case No.: 2:21-cv-109 |
| Plaintiff, | : | *Electronically Filed* |
| v. | : | **JURY TRIAL DEMANDED** |
| RAVIN CROSSBOWS, LLC, a limited liability company, and VELOCITY OUTDOOR, INC., a corporation, | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff, James P. Richard, by and through his undersigned counsel, files the following Complaint against Defendants, Ravin Crossbows, LLC and Velocity Outdoor, Inc., and in support thereof avers as follows:

### I.   Parties

1.  James P. Richard ("**Plaintiff**" or "**Mr. Richard**") is an adult individual residing at 785 Kaufman Road, Enon Valley, Lawrence County, Pennsylvania, 16120.

2.  Ravin Crossbows, LLC ("**Ravin**") is a Wisconsin limited liability company with a principal place of business at 3535 Tower Avenue, Superior, Wisconsin, 54880.

3.  At all times relevant hereto, Ravin was in the business of designing, manufacturing, selling, distributing, and/or marketing crossbows for hunting and recreational use.

4.  At all times relevant hereto, Ravin was in the business of selling, distributing, marketing, designing and manufacturing crossbows, arrows and arrow nocks for hunting and recreational use and was the designer, manufacturer, distributor, and/or seller of the crossbow and accessories that caused Mr. Richard serious injuries as more fully described herein.

1

5. Velocity Outdoor, Inc. ("**Velocity**") is a Delaware corporation with a principal place of business at 7629 State Routes 5 & 20, Bloomfield, New York 14469. Upon information and belief, Velocity is Ravin's sole member.

6. At all times relevant hereto, Velocity was in the business of designing, manufacturing, selling, distributing, and/or marketing crossbows for hunting and recreational use.

7. At all times relevant hereto, Velocity was in the business of selling, distributing, marketing, designing and manufacturing crossbows, arrows and arrow nocks for hunting and recreational use and was the designer, manufacturer, distributor, and/or seller of the crossbow and accessories that caused Mr. Richard serious injuries as more fully described herein.

8. At all times relevant hereto, Defendants acted or failed to act by and through their duly authorized agents, servants, and/or employees.

## II. Jurisdiction and Venue

9. This Court has subject matter jurisdiction over the instant matter pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and the crossbow and accessories alleged to be defective were purchased in this District.

## III. Facts

11. Prior to the date of the herein described incident, Defendants placed into the stream of commerce Ravin crossbows and Ravin accessories.

12. Mr. Richard is an experienced hunter and has extensive experience using crossbows for hunting and recreational purposes.

13. On July 6, 2017, Mr. Richard's brother purchased the subject Ravin crossbow, model R9 Predator, from a retail store, Field & Stream, located in Cranberry Township, Pennsylvania as a gift for Mr. Richard.

14. Ravin arrows and nocks came with the purchase of the crossbow.

15. In or around August 2017, Mr. Richard was gifted the subject crossbow and accessories.

16. In or around October 2017, Ravin sent Mr. Richard's brother new nocks with instructions to replace the original nocks. No explanation was provided.

17. Mr. Richard's brother immediately gave him the nocks, which he promptly installed – discarding the old ones in the process.

18. On February 2, 2019, Mr. Richard went hunting with the subject crossbow.

19. Upon return to his residence, Mr. Richard loaded the crossbow with a "dummy," or discharge arrow, the firing of which safely "de-cocks" the crossbow in order to release the tension from the limbs.

20. Prior to disengaging the safety and pulling the trigger, the dummy arrow and the nock were properly and fully engaged with the bowstring.

21. However, when Mr. Richard aimed the dummy arrow at a bag target and pulled the trigger, the subject crossbow failed to fire.

22. After the failure, Mr. Richard reengaged the safety and attempted to re-nock the arrow when the crossbow unexpectedly fired causing serious injury to his left index and middle fingers.

23. Mr. Richard sustained serious injuries including but not limited to ultimate amputation of his left index finger at the PIP joint level and permanent physical deformity.

24. Mr. Richard is left hand dominant.

25. As a direct and proximate result of the defective crossbow and accessories, Mr. Richard has suffered, and in the future will continue to suffer, significant impairment, anguish, pain, suffering, discomfort and inconvenience.

26. As a direct and proximate result of the defective crossbow and accessories, Mr. Richard has suffered embarrassment, humiliation, and loss of the enjoyment and pleasures of life.

27. As a direct and proximate result of the defective crossbow and accessories, Mr. Richard was compelled and will continue to be compelled to spend money for medical attention.

## COUNT I

### Strict Products Liability

28. Mr. Richard incorporates the foregoing paragraphs as if fully set forth herein.

29. Defendants were responsible for the design, manufacture, construction, assembly, testing, labeling and sale of the subject Ravin crossbow and Ravin accessories, and participated in placing these products into the stream of commerce.

30. The subject Ravin crossbow and Ravin accessories are defective and unreasonably dangerous in their design in that they, among other things:

    a. Allow firing/discharge without a trigger pull;

    b. Are not reasonably safe for use as intended by the average consumer;

    c. Have an inadequate design for purposes of human safety;

    d. Fail to provide reasonable and adequate information and warnings to foreseeable users about the risk and dangers posed by the subject products.

31. It is averred that the defect(s) existed at the time the product(s) left Defendants' control.

32. Mr. Richard did not modify in any way the condition of the crossbow or the accessories.

33. The subject Ravin crossbow and Ravin accessories that caused Mr. Richard's injuries were being used at the time of their failure (and the incident) in a manner reasonably foreseeable by Defendants.

34. Defendants, acting to serve their own interests and having reason to know and consciously disregarding the substantial risk that their conduct through the sale and use of the foregoing products might significantly injure the rights of others, consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to other persons.

WHEREFORE, Plaintiff, James P. Richard, demands judgment in his favor and against Defendants, Ravin Crossbows, LLC and Velocity Outdoor, Inc., as follows:

    a. General or non-economic damages in an amount deemed fair and reasonable by a jury in excess of $75,000;

    b. Special or economic damages in an amount to be proven at trial;

    c. Punitive damages;

    d. All costs of suit including interest;

    e. Any and all further relief as this Honorable Court deems appropriate.

## COUNT II

### Negligence/Recklessness

35. Mr. Richard incorporates the foregoing paragraphs as if fully set forth herein.

36. Defendants owed a duty to Mr. Richard and the consuming public to act with reasonable care in the design, manufacture, marketing, distribution, sale, and warning of and about the subject Ravin crossbow and Ravin accessories.

37. Defendants breached this duty by acts or omissions including but not limited to:

    a. Designing, manufacturing, marketing, distributing, and/or selling crossbows that were capable of firing when the safety was properly engaged;

    b. Failing to promptly act when the dangers of the crossbows became known, or in the exercise of reasonable diligence, should have been known, to ensure that the crossbow would not fire when the safety was properly engaged;

    c. Failing to provide features, nocks, and/or accessories necessary to render the subject crossbow safe for use;

    d. Failing to adequately warn of all known dangers of the subject crossbow;

    e. Failing to adequately warn of all foreseeable dangers of the subject crossbow;

    f. Continuing to sell and/or place the subject crossbow in the stream of commerce when it knew that its conduct would cause foreseeable users to sustain injuries in the same manner as did Mr. Richard;

    g. Continuing to sell and/or place the subject crossbow in the stream of commerce when it could not be safely used in the manner intended by the instructions Defendants provided with the crossbow.

38. As a direct and proximate result of such negligence, carelessness, and/or recklessness, Mr. Richard was harmed and suffered injuries, losses, and damages as set forth in this Complaint including, but not limited to, ultimate amputation of the index finger of his dominant hand at the PIP joint level and permanent physical deformity.

39. Defendants, acting to serve their own interests and having reason to know and consciously disregarding the substantial risk that their conduct through the sale and use of the

foregoing products might significantly injure the rights of others, consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to other persons.

WHEREFORE, Plaintiff, James P. Richard, demands judgment in his favor and against Defendants, Ravin Crossbows, LLC and Velocity Outdoor, Inc., as follows:

    a.    General or non-economic damages in an amount deemed fair and reasonable by a jury in excess of $75,000;

    b.    Special or economic damages in an amount to be proven at trial;

    c.    Punitive damages;

    d.    All costs of suit including interest;

    e.    Any and all further relief as this Honorable Court deems appropriate.

## COUNT III

### Breach of Warranty

40.    Mr. Richard incorporates the foregoing paragraphs as if fully set forth herein.

41.    Defendants expressly warranted that the subject crossbow, nocks, and/or accessories were safe for ordinary use.

42.    Defendants impliedly warranted that the subject crossbow, nocks, and/or accessories were of merchantable quality, fit, safe, and in proper condition for ordinary use.

43.    Mr. Richard was a person reasonably expected to use and come in contact with the subject crossbow, nocks, and accessories and was entitled to rely upon, and did rely upon, Defendants' express and implied warranties.

44.    Defendants breached their express and implied warranties by selling and supplying a defective and dangerous product that was unmerchantable and unfit for the ordinary purpose for which it was intended.

45. Mr. Richard's injuries were caused by Defendants' breaches of their express and implied warranties.

WHEREFORE, Plaintiff, James P. Richard, demands judgment in his favor and against Defendants, Ravin Crossbows, LLC and Velocity Outdoor, Inc., as follows:

a. General or non-economic damages in an amount deemed fair and reasonable by a jury in excess of $75,000;

b. Special or economic damages in an amount to be proven at trial;

c. All costs of suit including interest;

d. Any and all further relief as this Honorable Court deems appropriate.

**A JURY TRIAL IS DEMANDED**

Respectfully submitted,

STRASSBURGER McKENNA GUTNICK
& GEFSKY

Date: **January 26, 2021**      By: *s/Harry F. Kunselman*
                                    Harry F. Kunselman
                                    Pa. ID No. 55957
                                    Lydia A. Gorba
                                    Pa. ID No. 324279

                                    *Counsel for Plaintiff*